### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF KENTUCKY
### AT LOUISVILLE

**DEXTER EPPERSON**                                                          **PLAINTIFF**

**v.**                                            **CIVIL ACTION NO.  3:16-CV-P321-GNS**

**STEVEN CRAWFORD**                                                          **DEFENDANT**

### <u>MEMORANDUM OPINION AND ORDER</u>

This is a civil rights action brought by a convicted prisoner pursuant to 42 U.S.C. § 1983.

The Court has granted Plaintiff Dexter Epperson leave to proceed *in forma pauperis*.  This matter

is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*,

114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 594 U.S. 199 (2007).

For the reasons set forth below, the action will be dismissed in part and allowed to continue in

part.

### I. SUMMARY OF COMPLAINT

Plaintiff, an inmate at Luther Luckett Correctional Complex (LLCC), brings this action

against Defendant Steven Crawford, an LLCC correctional officer, in his individual capacity.

Plaintiff alleges that on May 4, 2016, Defendant Crawford dragged his Islamic prayer rug

across the floor.  Plaintiff alleges that when he asked Defendant Crawford why he had done that,

Defendant Crawford replied, "I'll do whatever the f--- I want to do, now if you don't have any

paperwork showing its yours, then get the f--- out of my sally port."

Plaintiff states that as a result of this incident, he filed a grievance against Defendant

Crawford on the same date.  He alleges that Defendant Crawford then approached him and asked

whether they could "talk this out."  When Plaintiff informed Defendant Crawford that the

grievance had already been filed, Plaintiff alleges that Defendant Crawford stated: "You're starting a war you won't win.  My pen works as good as yours on paper."

Plaintiff then alleges that on May 15, 2016, while he was taking a shower, Defendant Crawford entered into his shower and asked, "What are you doing in my shower during count?" Plaintiff alleges that normally an announcement would be made before "count time" advising inmates that they have 10 minutes to stop whatever they are doing and prepare.  However, Plaintiff states that on this occasion, the announcement was not made, and he told Defendant Crawford this.  According to Plaintiff, Defendant Crawford then asked him: "How does it feel to be put in the position you're in now, Mr. Epperson?  See how easy it is for me to get you . . . I told you, you're starting a war you can't win.  You file paperwork on me, that grievance, and I'll file paperwork on you, you got a disciplinary report coming."  Plaintiff alleges Defendant Crawford withheld the "count time" announcement to punish Plaintiff for filing a grievance against him.  Plaintiff alleges that, on this same date, Defendant Crawford issued a false disciplinary report against him for "refusing/failing to comply with institutional count/lock-up."

Plaintiff states that on May 18, 2016, the adjustment officer found him guilty of the charge and that he received as punishment "10 days disciplinary segregation, suspended for 180 days, 30 days gym restriction."  Plaintiff alleges that, after this finding, Defendant Crawford approached him and stated, "I got you."  Plaintiff states that he then told Defendant Crawford that he had withdrawn his grievance and that he would not file any more.  According to Plaintiff, Defendant Crawford then told Plaintiff that he had been informed that Plaintiff had only withdrawn one of the two grievances that he had filed against Defendant Crawford.  Defendant Crawford then told Plaintiff: "To little to late.  Should have withdrawn all of them."  Plaintiff

states that he then informed Defendant Crawford that he was sorry and that he would try to withdraw the other grievance.[1]

As relief, Plaintiff seeks $50,000 in compensatory damages and $200,000 in punitive damages.

Plaintiff does not state what claim(s) he is bringing against Defendant Crawford, but based upon the above, the Court construes the complaint as alleging claims under the Religious Land Use and Institutionalized Person Act (RLUIPA) and the First Amendment for violation of his right to the free exercise of religion and retaliation.

## II. LEGAL STANDARD

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A.  Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d at 608.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Id.* at 327.  In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

---

[1] After Plaintiff filed his complaint, he filed exhibits to supplement it (DN 6).  These exhibits include two grievances that Plaintiff filed against Defendant Crawford – one on May 4, 2016, for the desecration of Plaintiff's prayer rug, and one on May 9, 2016, for trying to intimidate Plaintiff from following through with his first grievance.  The exhibits also include documents which indicate that Plaintiff withdrew both of these grievances.

relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc*. v. *Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person

acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).  "Absent either element, a § 1983 claim will not lie."  *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

## A. Free Exercise of Religion and RLUIPA

The first requirement in a § 1983 First Amendment free-exercise claim is for the plaintiff to show that the prison's actions "substantially burdened his sincerely-held religious beliefs." *Barhite v. Caruso*, 377 F. App'x 508, 510 (6th Cir. 2010) (citing *Boles v. Neet*, 486 F.3d. 1177,1182 (10th Cir. 2002); s*ee also Salahuddin v. Goord,* 467 F.3d 263, 274-75 (2d Cir. 2006) ("The prisoner must show at the threshold that the disputed conduct substantially burdens his sincerely held religious beliefs.").

Similarly, RLUIPA provides that "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, . . . even if the burden results from a rule of general applicability," unless the government can show (1) that the imposition of the burden "is in furtherance of a compelling governmental interest," and (2) the burden furthers that interest by use of the "least restrictive means."  42 U.S.C. § 2000cc-1(a)(1)-(2).  RLUIPA, thus, also requires an inmate to show that his or her religious exercise was substantially burdened.  *See Cutter v. Wilkinson,* 423 F.3d 579, 583 (6th Cir. 2005).  An action will be classified as a substantial burden "when that action forced an individual to choose between 'following the precepts of her religion and forfeiting benefits' or when the action in question placed 'substantial pressure on an adherent to modify his behavior and to violate his beliefs.'"  *Living Water Church of God v. Charter Twp. of Meridian*, 258 F. App'x 729, 734 (6th Cir. 2007) (quoting *Sherbert v. Verner,* 374 U.S. 398, 404 (1963); *Thomas v. Review Bd. of Ind. Employment Sec. Div.*, 450 U.S. 707, 717-18 (1981)).

Here, Plaintiff does not allege that Defendant Crawford's dragging of Plaintiff's prayer rug on one occasion imposed a substantial burden on Plaintiff's religious exercise. More specifically, Plaintiff does not suggest that this isolated action effectively forced him to choose between following his religion and forfeiting benefits or placed substantial pressure on him to modify his behavior and violate his beliefs. Thus, the Court will dismiss these claims for failure to state a claim upon which relief may be granted.

### B. Retaliation

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* The plaintiff has the burden of proof regarding all three elements. *See, e.g.*, *Murray v. Evert*, 84 F. App'x 553, 556 (6th Cir. 2003); *Green v. Tudor*, 685 F. Supp. 2d 678, 692 (W.D. Mich. 2010). Moreover, the plaintiff must prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977); *Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001). If the plaintiff makes such a showing, the defendants may still avoid liability by showing "that [they] would have taken the same action in the absence of the protected activity." *Whiteside v. Parrish*, 387 F. App'x 608, 612 (6th Cir. 2010) (quoting *Thaddeus-X*, 175 F.3d at 399); *Jones v. Smolinski*, No. 1:09-CV-633, 2010 U.S. Dist. LEXIS 143638 (W.D. Mich. Aug. 31, 2010).

Upon consideration, the Court will allow Plaintiff's retaliation claim against Defendant Crawford to proceed at this time. *See, e.g.*, *Thomas v. Eby*, 481 F.3d 434, 441-42 (6th Cir. 2007) (a substantiated misconduct charge does not necessarily "checkmate" a retaliation claim, especially at the dismissal stage).

## IV. ORDER

Based upon the above, **IT IS HEREBY ORDERED** that Plaintiff's claims for violations of his right under the Free Exercise Clause of the First Amendment and RLUIPA are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that Plaintiff's First Amendment retaliation claim will be allowed to proceed.

A separate Scheduling Order will be entered to govern the development of the continuing

Date:  September 29, 2016

**Greg N. Stivers, Judge**
**United States District Court**

cc:  Plaintiff, *pro se*
     Defendant
     General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4416.011