UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:16-CV-00321-GNS

DEXTER EPPERSON                                                                          PLAINTIFF

v.

STEVEN CRAWFORD                                                                         DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Motion for Summary Judgment (DN 13). No response has been filed, and the motion is ripe for adjudication. For the following reasons, the motion is **GRANTED**.

### I.     STATEMENT OF FACTS

Plaintiff Dexter Epperson ("Epperson") is incarcerated at Luther Luckett Correctional Complex. (Compl. 1, DN 1). On May 4, 2016, Steven Crawford ("Crawford"), a correctional officer, allegedly dragged Epperson's prayer rug across the floor. (Compl. 4). Epperson filed a grievance against Crawford over the incident on the same date. (Notice Filing Ex. C, at 2, DN 6-3). Subsequently, Crawford purportedly approached Epperson to discuss the matter, and after Epperson notified Crawford that a grievance had been filed, Crawford allegedly stated that "[y]ou're starting a war you won't win. My pen works as good as yours on paper." (Compl. 4).

On May 15, 2016, Epperson was taking a shower when Crawford entered his shower. (Compl. 4). Crawford purportedly asked Epperson why he was in the shower during the inmate "count time." (Compl. 4-5). According to Epperson, inmates usually receive an

announcement warning them of the count and giving them ten minutes to prepare. (Compl. 4). After Epperson protested the lack of any announcement, Crawford asked him "[h]ow does it feel to be put in the position you're in now, Mr. Epperson? See how easy it is s for me to get you, I told you, you're starting a war you can't win. You file paperwork on me, that grievance, and I'll file paperwork on you, you got a disciplinary report coming." (Compl. 5). Epperson surmises that this incident was in retaliation for the pending grievance. As a result of that incident, Crawford issued a disciplinary report accusing Epperson of "[r]efusing/failing to comply with institutional count/lock-up[.]" (Compl. 5; Notice Filing Ex. A, at 1, DN 6-1).

On May 18, 2016, the adjustment officer found Epperson guilty of the charge. (Compl. 5; Notice Filing Ex. B, at 1, DN 6-2). As his punishment, Epperson received "10 days [disciplinary] [segregation] (suspended for 180 days), [and] 30 days gym restriction[.]" (Notice Filing Ex. B, at 1). After the determination of Epperson's guilt, Crawford allegedly approached Epperson and told him "I got you." (Compl. 5). While Epperson told Crawford that he had withdrawn all of his grievances, Crawford stated that he was informed that only one had been withdrawn of the two filed by Epperson filed against him. (Compl. 5-6). Crawford then purportedly stated "[t]o [sic] little to [sic] late. Should have withdrawn all of them." (Compl. 6). Epperson responded that he would try to withdraw the remaining grievance. (Compl. 6). Epperson requested the withdrawal of his grievances against Crawford. (Notice Filing Ex. C, at 1; Notice Filing Ex. D, at 1, DN 6-4; Notice Filing Ex. E, at 1, DN 6-5).

Epperson then filed this action against Crawford. The Court has previously construed the Complaint as asserting claims under the Religious Land Use & Institutionalized Person

2

Act ("RLUIPA"), 42 U.S.C. §§ 2000cc to -2000cc-5, and the First Amendment to the U.S. Constitution relating to alleged violations of Epperson's right to the free exercise of religion and retaliation. (Mem. Op. & Order 3, DN 7). In its initial screening pursuant to 28 U.S.C. § 1915A, the Court dismissed Epperson's RLUIPA and free exercise of religion claims, but the Court permitted his retaliation claim to proceed. (Mem. Op. & Order 5-7). Pursuant to the Court's scheduling order, the parties had until February 20, 2017, to conduct discovery. Subsequently, Defendant moved for summary judgment.[1] (Def.'s Mot. Summ. J., DN 13).

## II. JURISDICTION

This Court has subject-matter jurisdiction of this matter based upon federal question jurisdiction. *See* 28 U.S.C. § 1331.

## III. STANDARD OF REVIEW

In ruling on a motion for summary judgment, the Court must determine whether there is any genuine issue of material fact that would preclude entry of judgment for the moving party as a matter of law. *See* Fed. R. Civ. P. 56(a). The moving party bears the initial burden of stating the basis for the motion and identifying evidence in the record that demonstrates an absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). If the moving party satisfies its burden, the non-moving party must then produce specific evidence proving the existence of a genuine issue of fact for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

While the Court must view the evidence in the light most favorable to the non-moving party, the non-moving party must do more than merely show the existence of some

---

[1] After Epperson failed to respond to the motion, the Court granted him an additional thirty days to respond and provided him guidance on how to respond in accordance with *United States v. Ninety-Three Firearms*, 330 F.3d 414 (6th Cir. 2003). (Order 1, DN 14). No response was ever filed.

3

"metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (citation omitted). Rather, the non-moving party must present specific facts proving that a genuine factual issue exists by "citing to particular parts of the materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute." Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 252.

## IV. DISCUSSION

The Court has construed Epperson's surviving cause of action as a First Amendment retaliation claim. (Order 6-7, DN 7). To prove a claim of retaliation, Epperson must present evidence in support of the following three elements:

> (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two—that is, the adverse action was motivated at least in part by the plaintiff's protected conduct.

*Hensley v. Kampshaefer*, No. 3:07CV-616-H, 2009 WL 69074, at *4 (citing *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999)). Epperson bears the burden of proof on all elements, and he must prove that the exercise of his protected right was a substantial or motivating factor in Crawford's alleged retaliatory conduct. *See Murray v. Evert*, 84 F. App'x 553, 556 (6th Cir. 2003) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1997)). If Epperson meets his burden, Crawford may still be able to avoid liability by showing "that he would have taken the same action in the absence of the protected

4

activity." *Whiteside v. Parrish*, 387 F. App'x 608, 612 (6th Cir. 2010) (internal quotation marks omitted) (quoting *Thaddeus-X*, 175 F.3d at 399).

### A. Protected Conduct

First, the Court must determine whether Epperson engaged in protected conduct. *See Hensley*, 2009 WL 69074, at *4 (citation omitted). The Sixth Circuit has recognized that "[a]n inmate has an undisputed First Amendment right to file grievances against prison officials on his own behalf." *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000) (citing *Noble v. Schmitt*, 87 F.3d 157, 162 (6th Cir. 1996)). Thus, Epperson has satisfied his burden on this element.

### B. Adverse Action

Epperson must also show that an adverse action was taken by Crawford which "would deter a person of ordinary firmness from continuing to engage in that conduct . . . ." *Hensley*, 2009 WL 69074, at *4 (citation omitted). "Prisoners may be required to tolerate more than public employees, who may be required to tolerate more than average citizens, before an action taken against them is considered adverse." *Thaddeus-X*, 175 F.3d at 398.

Because the Court must construe the evidence in a light most favorable to Epperson, the Court will assume without deciding that there is sufficient evidence that he was subject to an adverse action. According to Epperson, Crawford threatened and then followed through on the threat to write Epperson up for filing a grievance over the prayer-rug incident.

## C. Causation

Finally, the Court must determine whether there is a causal connection between the write-up and Epperson's filing of a grievance. *See Hensley*, 2009 WL 69074, at *4 (citation omitted). As the Sixth Circuit has explained:

> On *summary judgment*, [courts] analyze the causation element of a retaliation claim under [a] burden-shifting framework . . . . After a plaintiff shows that his protected conduct was a motivating factor in the defendant's action, the defendant may thwart the retaliation claim by showing that it would have taken the same action even without the protected activity.

*Thomas v. Eby*, 481 F.3d 434, 441-42 (6th Cir. 2007) (internal citation omitted) (citation omitted). As a sister court has stated:

> The Sixth Circuit imposes a "high burden," demanding some evidence of retaliatory motive and requiring that summary judgment be granted when the plaintiff relies only on conclusory allegations. *Hill v. Lappin*, 630 F.3d 468, 475-76 (6th Cir. 2010). This high burden is necessary because "[r]etaliation claims by prisoners are prone to abuse since prisoners can claim retaliation for every decision they dislike."

*Lindensmith v. Walton*, No. 14:13342, 2016 WL 398292, at *5 (E.D. Mich. Jan. 25, 2016) (quoting *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996)).

In this case, Epperson's failure to respond to the motion undermines his claim. He has not pointed the Court to any evidence in the record that would show that his grievance against Crawford was a motivating factor in Crawford's subsequent write-up. The Sixth Circuit has recognized that a prison guard's false misconduct report can constitute retaliation for a prisoner's filing of a grievance. *See Scott v. Churchill*, 377 F.3d 565, 572 (6th Cir. 2004). As this Court has noted, however, "[p]rison officials cannot be barred from taking regular security precautions simply because an inmate has made a protected claim." *Hensley*, 2009 WL 69074, at *5.

Epperson has alleged that he received insufficient advanced notice of the inmate count, but that is not sufficient to satisfy this element. As the adjustment officer noted in the disciplinary report, he reviewed the video of the incident, which documented Epperson's absence from the wing during the inmate count and his presence in the shower while the count occurred. (Notice Filing Ex. B, at 1). During the hearing on the write-up, Epperson admitted that he was in the shower during the inmate count. (Notice Filing Ex. B, at 1). Thus, there is insufficient evidence to show causation.

Even if this Court were to find that Epperson's "protected conduct was a motivating factor in [] [Crawford]'s action, [] Crawford may thwart the retaliation claim by showing that [he] would have taken the same action even without the protected activity." *Thomas*, 481 F.3d at 441 (citing *Thaddeus-X*, 175 F.3d at 399). The Sixth Circuit has held that "a proven infraction of prison rules will generally satisfy the defendant's burden." *See id.* at 442. As discussed above, Epperson conceded that he failed to appear for the inmate count, which was the subject of the write-up and led to his discipline. "A finding of guilt based upon some evidence of a violation of prison rules 'essentially checkmates [a] retaliation claim.'" *Burton v. Rowley*, 234 F.3d 1267, 2000 WL 1679463, at *2 (6th Cir. 2000) (alteration in original) (quoting *Henderson v. Baird*, 29 F.3d 464, 469 (8th Cir. 1994)).

Finally, Epperson cannot rely on temporal proximity to prove causation. While the Sixth Circuit "has concluded that evidence of temporal proximity between filing grievances and the adverse action provides some support for establishing retaliatory motive, it has been reluctant to find that such evidence alone establishes retaliatory motive." *Hill*, 630 F.3d at 476 (citing *Holzemer v. City of Memphis*, 621 F.3d 512, 525-26 (6th Cir. 2010)). In this case, the prayer-rug incident occurred on May 4, 2016, and Epperson filed a grievance against

Crawford on the same date. Crawford's write-up for Epperson's absence at the inmate count was dated May 15, 2016. Thus, those two events are relatively close in time, but without any further evidence presented by Epperson temporal proximity alone is insufficient for Epperson to meet his burden of proving causation.

For these reasons, there is insufficient evidence to support all of the elements of Epperson's retaliation claim. The Court will grant summary judgment for Crawford.

### V. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment (DN 13) is **GRANTED**.

**Greg N. Stivers, Judge**
**United States District Court**
June 9, 2017

cc: counsel of record
Dexter Epperson, *pro se*